PEOPLE *ex rel.* FINIGAN *v.* PURROY *et al.*, Commissioners.

(*Supreme Court, General Term, First Department.* February 16, 1891.)

CITY FIREMEN—NOTICE OF HEARING—DISMISSAL.

At the time of the service upon a New York city fireman of charges against him with specifications, he was ordered to report next day at head-quarters. On his doing so, the fire commissioners proceeded with a trial of the charges, without objection on his part, giving him full opportunity for defense. *Held* that, on *certiorari* to review their decision, it was too late for him to object that he had no proper notice of trial.

*Certiorari* on the relation of John J. Finigan to review a decision of the fire commissioners of the city of New York dismissing him from the office of fireman.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* (*Albert S. Warner,* of counsel,) for relator. *William L. Findlay,* (*D. J. Dean,* of counsel,) for respondents.

VAN BRUNT, P. J. The point raised upon the argument is that the relator was given no notice of the trial of the charges upon which the judgment was rendered, and had no opportunity to properly defend himself. It is alleged that he was served with the charges and specifications, and directed to report at head-quarters at 10 o'clock the next morning. He did so report, and, without any objection upon his part, the trial in respect to the charges and specifications was proceeded with, evidence was taken, and the accused offered an opportunity to cross-examine the witnesses; and he was told that they were ready to hear anything he had to say. The answer of the accused was that he had nothing to say, only that he was unable to report for duty; that he was sick all the time, and that was all he had to say. At the close of the trial he was informed that the commissioners would consider his case, and, if he had nothing further to say, his case was ended. He was further informed that, if he had anything else to say, the commissioners would hear him, and, if not, his case was closed; and he was thereupon dismissed. We think it is too late now to raise the objection that no formal notice of the trial was ever served upon him. Whatever might have been the value of the point had the objection been taken before the trial was proceeded with, the relator, having gone on with the trial without objection, and being afforded every opportunity to prove his innocence of the charge, cannot now be heard to complain that he had not sufficient notice of trial before the commissioners. The claim in his affidavit upon his application for the writ that he did not know he was being tried for the offense was entirely disproved by the record. The proceedings should therefore be affirmed, with costs. All concur.